UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 1:12-CR-7 |
| v. | ) | |
| | ) | |
| CARL MOORE A/K/A "OLD SCHOOL" | ) | Judge Curtis L. Collier |
| | ) | |

**<u>MEMORANDUM & ORDER</u>**

Before the Court is a motion *in limine* filed by Defendant Carl Moore ("Defendant") (Court File No. 32). The Government has not filed a response. For the following reasons, the Court **RESERVES RULING** on Defendant's motion *in limine* (Court File No. 32).

Defendant seeks to exclude all evidence pertaining to his 2011 murder trial in Hamilton County, Tennessee Criminal Court. He argues the evidence is not relevant and any possible relevance is outweighed by the prejudicial value of the evidence under Rules 401, 402 and 403 of the Federal Rules of Evidence. Evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. However, as explained in Rule 403, it can be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant was indicted by a federal grand jury for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Thus, Defendant's criminal history is at issue in this case. Because Defendant avers he was acquitted in the 2011 murder trial, the Government would not be able to use the charge to satisfy the "prior felony conviction" element

of the offense. Nonetheless, at this stage of the proceedings, the Court is not privy to how, or even if, the Government intends to use the evidence Defendant seeks to exclude about his 2011 state criminal trial. The Court does not want to exclude the evidence if the Government intends to use it for a permissible purpose or if its probative value substantially outweighs any potential prejudice to Defendant.[1] The Court will be in a better position to make this determination at trial when it has the benefit of hearing how and in what context the Government intends to use the evidence. Accordingly, the Court **RESERVES RULING** on Defendant's motion *in limine* (Court File No. 32).

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] For example, Defendant alludes to the fact that Mr. Moore's acquittal in the state murder trial occurred close in time to his arrest for the instant federal offense. Although Defendant avers these two events are unrelated and that the facts of the state trial are irrelevant, the Court lacks sufficient information about either case to make this determination at the present time.